UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER APARICIO TOBAR, A#205411487,<br><br>Petitioner,<br><br>v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, et al.,<br><br>Respondent. | Case No. 24-cv-08550-SK  (PR)<br><br>**ORDER OF TRANSFER**<br><br>(ECF Nos. 2 & 3) |

**I.**

Petitioner Walter Aparicio Tobar, a citizen of Guatemala, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his prolonged detention by the United States Immigration and Customs Enforcement (ICE) at the Golden State Annex detention center in McFarland, California.

**II.**

The federal habeas statute expressly limits the power of district courts to grant habeas writs to "within their respective jurisdictions." 28 U.S.C. § 2241(a). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). This district-of-confinement rule is a "bright-line rule" that does not contain any exceptions other than the express statutory carveouts in 28 U.S.C §§ 2241(d) and 2255. Id. at 443, 449-50. The Ninth Circuit has affirmed the application of the bright-line district-of-confinement rule to habeas petitions challenging the fact or duration of a sentence under § 2241. See, e.g., Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2241 petitions must be filed in the district where the petitioner is confined"); Stephens v. Herrera, 464 F.3d 895, 897 (9th

Cir. 2006) ("§ 2241 petition must be filed in the district where the petitioner is in custody"). And recently made clear that the rule also applies to habeas petitions challenging immigration detention. See Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024) (holding petition by immigration detainee challenging his detention is a "core habeas petition" and must be filed in the district of confinement under Padilla).

Petitioner is detained at the Golden State Annex detention center in McFarland, California in the County of Kern, which lies within the venue of the Eastern District of California. See 28 U.S.C. § 84(b). Under the rationale of Doe v. Garland, jurisdiction/venue for this habeas challenge to Petitioner's immigration detention lies only in the Eastern District of California. See 109 F.4th at 1199.

## III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 and motions for leave to proceed in forma pauperis and for appointment of counsel therein (ECF Nos. 2 & 3) are TRANSFERRED to the United States District Court for the Eastern District of California.

The clerk is instructed to transfer this case forthwith.

**IT IS SO ORDERED**.

Dated: December 10, 2024

SALLIE KIM
United States Magistrate Judge